IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JADA J. MARKET, *Individually and on behalf of a class of others similarly situated,*

Plaintiff,

v. Case No. 6:16-cv-01053-JTM-GEB

CITY OF GARDEN CITY, KANSAS,

Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Jada Market brought this action under 42 U.S.C. § 1983, claiming Garden City deprived her of the constitutional right to due process of law. She alleges the City did so through an ordinance that imposed a mandatory minimum sentence for driving under the influence of alcohol (DUI) that was higher than the minimum sentence provided for by Kansas statute. Plaintiff contends this was unlawful because the City did not first adopt a charter ordinance giving it the right to vary from state law. She seeks damages and other relief on behalf of herself and a class of others[1] impacted by the same or similar ordinances in Garden City. The matter is now before the court on the City's motion to dismiss (Dkt. 10).

**I. Facts.**

The following facts, which are taken from plaintiff's amended complaint (Dkt. 6), are assumed to be true for purposes of the motion to dismiss. *See Ashcroft v. Iqbal*, 556

[1] To date the action has not been certified as a class action.

U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). This presumption of truth, however, does not extend to legal conclusions in the complaint.[2] *Id.*

Plaintiff is a resident of Dodge City, Kansas. The City of Garden City is a municipality located in Finney County. Plaintiff was jailed by Garden City on two occasions for violation of city ordinances against driving under the influence of alcohol or drugs (DUI). Ordinance No. 2450-2009 required that a first-time DUI offender in Garden City serve 96 hours of incarceration before becoming eligible for release. Plaintiff was convicted of DUI in Garden City Municipal Court and served a four-day sentence, from May 28 – June 1, 2010, in the Finney County Jail, pursuant to the ordinance. Garden City Ordinance No. 2558-2012 required that a person convicted of a second DUI offense serve 14 days before becoming eligible for release. On May 4, 2013, plaintiff was convicted of a second DUI in Garden City Municipal Court and was ordered to serve a 14-day term of confinement, which she did from May 17 – May 31, 2013.

Kansas statutes provide that on a first conviction for driving under the influence, the person convicted "shall be sentenced to not less than 48 consecutive hours nor more than six months' imprisonment," or in the court's discretion 100 hours of community service, and a fine of not less than $750 nor more than $1000. The person must serve the

[2] The above statement of facts includes several provisions of law, which are essential to an understanding of plaintiff's claim.

aforementioned time before or as a condition of any grant of probation, suspension, or parole. K.S.A. § 8-1567(b)(1)(A). The same statute provides that for a second DUI offense, the person "shall be sentenced to not less than 90 days nor more than one year's imprisonment," and a fine of not less than $1,250 nor more than $1,750. The person must serve at least five consecutive days' imprisonment before being eligible for probation, suspension of sentence, or otherwise being released. K.S.A. § 8-1567(b)(1)(B).

The same statute also states that "[n]othing contained in this section shall be construed as preventing any city from enacting ordinances … declaring acts prohibited or made unlawful by this act as unlawful or prohibited in such city … and prescribing penalties for violation thereof," K.S.A. § 8-1567(k)(1), provided, however, that "[t]he minimum penalty prescribed by any such ordinance … shall not be less than the minimum penalty prescribed by this section for the same violation, and the maximum penalty in any such ordinance … shall not exceed the maximum penalty prescribed for the same violation." K.S.A. § 8-1567(k)(2).

The amended complaint asserts that K.S.A. § 12-4511 and 12-4509, part of the Kansas Code for Municipal Courts, provide in part that a municipal judge may parole any person confined to jail as a result of conviction of a city ordinance. It further alleges that K.S.A. §§ 12-4102 and 12-4103 of the Kansas Code preempt the field of criminal procedure in municipal courts in Kansas. Plaintiff alleges that a Kansas municipality may impose mandatory minimum sentences that exceed the State's penalties for corresponding offenses "only where the city has by charter ordinance exempted itself from the relevant portions of the Kansas Code of Procedure for Municipal Courts." Dkt.

6 at 3. At all times relevant to this suit, Garden City had not enacted such an ordinance.[3] Plaintiff claims she was incarcerated "under invalid and illegal ordinances," and that the City thus "violated the due process rights, both procedural and substantive, of the plaintiff" and others. Dkt. 6 at 4. She also alleges that the City "continues to use the wrongful convictions as underlying convictions to increase the penalty for repeat offenders." *Id*. The relief sought by plaintiff includes money damages and a declaration that the events described were a violation of the U.S. Constitution.

**II. Motion to Dismiss (Dkt. 10).**

The City moves to dismiss the amended complaint for four reasons. First, it seeks dismissal under the *Rooker/Feldman* doctrine, arguing plaintiff is essentially seeking review and reversal of the municipal court judgments against her. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) (federal district courts lack appellate jurisdiction over state court judgments). Second, the City contends plaintiff lacks standing to challenge the constitutionality of the City's ordinances. Third, it argues the complaint fails to state a valid claim because it shows at most a violation of state law, not the deprivation of a federal right. Fourth, it argues the DUI ordinances did not violate state law because K.S.A. § 8-1567(k) specifically allowed municipalities to establish minimum penalties greater than those provided for by state law.

[3] A charter ordinance is an ordinance which exempts a city from the whole or part of any state statute. *See* Kan. Const. art. 12, § 5. A charter ordinance may not exempt a city from matters of statewide concern that are uniformly applicable to all cities, but it may otherwise determine local affairs. A charter ordinance must be designated as such, must identify the portion of a statute made inapplicable to the city by the ordinance, and must be adopted pursuant to heightened notice and voting requirements. *Id*. According to the briefs, Garden City passed charter ordinances exempting the City from the provisions of K.S.A. § 12-4509 and 12-4511 on January 20, 2016. Dkt. 5 at 9, n.2.

**III. Discussion.**

The court is reluctant to tiptoe through the *Rooker-Feldman* minefield, but because it involves a question of jurisdiction, the court would seem obligated to do so. *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1142-43 (10th Cir. 2006) (*quoting ExxonMobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005)). It is based on the principle that federal appellate jurisdiction for review of state court judgments lies solely with the U.S. Supreme Court. *Bolden*, 441 F.3d at 1140.

Plaintiff concedes that she lost the municipal court cases and that the judgments were rendered before commencement of this action. She denies that her complaint is based on an injury caused by the state court judgments, however, or that she is seeking to have this court review and reject the judgments.

The court fails to see how the complaint is based on anything other than an injury caused by the Garden City Municipal Court judgments. The gravamen of the complaint is that plaintiff was wrongfully sentenced to mandatory minimum terms of incarceration in excess of what state law allowed. That injury flows directly from the judgments imposed by the municipal court – of which the sentences formed a part – and without which plaintiff would have suffered no injury.

As for whether plaintiff seeks review and rejection of those judgments, plaintiff accurately points out that the amended complaint does not explicitly ask this court to

reverse or vacate the judgments. It does allege, however, that she was incarcerated under "invalid and illegal ordinances" that resulted in "wrongful convictions." It also requests a declaration finding that the "events described" constitute "a violation of the United States Constitution." That request is indistinguishable from one asking for the court to declare the judgments invalid. To be entitled to this relief, plaintiff would have to demonstrate that the judgments were invalid. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 485 (1983) (although federal district courts have jurisdiction to assess the constitutionality of a rule promulgated in a non-judicial proceeding, they do not have jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional"). Insofar as plaintiff seeks declaratory relief concerning application of the Garden City ordinances to her cases, the court concludes she is inviting this court to review and reject those judgments. Without the injury caused by the judgments, plaintiff could claim no injury at all. *See Winslow v. Stevens*, 632 F.App'x 721, 723 (3rd Cir. 2015)(*Rooker* applied where plaintiff sought review of the proceedings to determine whether the state court reached its result in accordance with the law); *Dauwe v. Miller*, 364 F.App'x 435, 437, 2010 WL 369366, *2 (10th Cir. 2010) ("All of [plaintiff's] claims are put forward in constitutional terms, but cloaking an attack on a state court judgment in this way does not forestall application of *Rooker-Feldman*"); *Alexander v. Lucas*, 259 F.App'x 145, 148, 2007 WL 4510766, *2 (10th Cir. 2007) (*Rooker* applied where plaintiff did not expressly challenge validity of his conviction but sought declaration that state procedure in his case was unconstitutional). Under *Rooker-*

*Feldman*, this court lacks jurisdiction to do so. This is true, moreover, even though plaintiff did not claim in municipal court that the ordinances were invalid, because such a claim is "inextricably intertwined" with the municipal court judgments. *Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007) (even if state court did not pass directly on constitutional claims, federal district court cannot entertain constitutional claims that are inextricably intertwined with the state court's judgment). In sum, the court has no jurisdiction over plaintiff's claim for declaratory relief.[4]

Plaintiff's claim for damages for the alleged violation of her rights may well stand on a different footing. But even if that is so, it runs afoul of *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486. Plaintiff alleges none of these circumstances, nor does she allege that she diligently pursued habeas relief for the allegedly wrongful sentence. *Cf. Cohen v. Longshore*, 621 F.3d 1311, 1315 (10th Cir. 2010) (plaintiff who, through no lack of diligence, has no habeas remedy, is not barred by *Heck*). Because

[4] To the extent plaintiff seeks prospective declaratory relief, as opposed to a declaration relating to her past cases, such a claim is not barred by *Rooker-Feldman*. But as the City points out, plaintiff lacks standing to assert such a claim. *See Faustin v. City & Cnty. of Denver*, 268 F.3d 942, 948 (10th Cir. 2001) ("To have standing, [plaintiff] must show a real and immediate threat that she will be prosecuted under this statute in the future.").

plaintiff does not allege that the sentence of which she complains has been reversed on appeal or otherwise declared invalid, the court finds that her claim for damages under § 1983 must be dismissed for failure to state a claim upon which relief can be granted.

In view of the above rulings, the court need not address the City's additional arguments for dismissal.

**IT IS THEREFORE ORDERED** this 23rd day of August, 2016, that defendant's Motion to Dismiss (Dkts. 4, 10) is GRANTED.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE